1

2

3

4

5 IN THE UNITED STATES DISTRICT COURT

6

7 FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9 CARYL A. SARGENT,

10 Plaintiff,                                    No. C 13-01690 WHA

11 v.

12 JPMORGAN CHASE BANK, N.A., et al.,            **ORDER GRANTING
                                                 MOTION TO DISMISS**
13 Defendants.

14 _____/

15 **INTRODUCTION**

16 In this action arising out of a foreclosure, defendants move to dismiss the complaint

17 pursuant to Rule 12(b)(6).  For the reasons stated below, the motion is **GRANTED**.

18 **STATEMENT**

19 In August 2006, plaintiff Caryl Sargent signed a promissory note for $501,000, secured

20 by a deed of trust, with EverBank Mortgage for real property in San Jose (Compl. ¶¶ 6, 22).

21 Defendant Mortgage Electronic Registration Systems, Inc., was the original beneficiary of this

22 deed of trust (*id.* at ¶ 31; RJN Exh. 2).  Plaintiff alleges that the promissory note was securitized

23 and the beneficial interest was sold to defendant WaMu Mortgage Pass-Through Certifications

24 Series 2006-AR12 Trust, a New York-based REMIC (Real Estate Mortgage Investment Conduit)

25 (Compl. ¶ 69).  According to the complaint, WaMu is the current owner of the promissory note

26 and defendant Bank of New York is the trustee (*id.* at ¶ 22).  Defendant JPMorgan Chase Bank,

27 N.A., is the servicer of the promissory note (*id.* at ¶ 7).  During this transfer of the note, plaintiff

28 alleges, the deed of trust remained with MERS (*ibid*).

*United States District Court*
For the Northern District of California

1    In April 2013, plaintiff filed the instant action as a pro se litigant, alleging claims for:

2    (1) wrongful foreclosure; (2) quiet title; (3) fraud; and (4) declaratory relief.  Defendants move

3    to dismiss plaintiff's complaint.  Following the filing of defendants' motion, plaintiff retained

4    counsel, who filed an opposition on her behalf.  A hearing on this matter was held on July 25,

5    2013.  Counsel for the plaintiff failed to appear.

6                                              **ANALYSIS**

7    To survive a motion to dismiss, a complaint must contain sufficient factual matter,

8    accepted as true, to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556

9    U.S. 662, 663 (2009).  A claim is facially plausible when there are sufficient factual allegations

10   to draw a reasonable inference that the defendant is liable for the misconduct alleged.  While a

11   court "must take all of the factual allegations in the complaint as true," it is "not bound to accept

12   as true a legal conclusion couched as a factual allegation."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

13   544, 555 (2007).  "[C]onclusory allegations of law and unwarranted inferences are insufficient

14   to defeat a motion to dismiss for failure to state a claim."  *Epstein v. Wash. Energy Co.*, 83 F.3d

15   1136, 1140 (9th Cir. 1996) (citation omitted).  Dismissal without leave to amend is only

16   appropriate when the deficiencies in the complaint could not possibly be cured by amendment.

17   *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

18   On a motion to dismiss, a district court may "consider unattached evidence on which

19   the complaint 'necessarily relies' if:  (1) the complaint refers to the document; (2) the document

20   is central to the plaintiff's claim; and (3) no party questions the authenticity of the document."

21   *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).  Under Federal

22   Rule of Evidence 201, courts may also take judicial notice of "matters of public record."

23   Defendants' request for judicial notice is therefore **GRANTED** with respect to Exhibit 2, a deed

24   of trust encumbering the subject property to secure a $501,000 mortgage loan from EverBank

25   Mortgage (RJN Exh. 2).  With respect to the other documents submitted in the request for

26   judicial notice, this order does not rely on them and those requests are therefore **DENIED AS**

27   **MOOT**.

28

*United States District Court*

*For the Northern District of California*

2

**1.    WRONGFUL FORECLOSURE.**

The general thrust of plaintiff's claims is that the "originating mortgage lender, and others alleged to have ownership, have unlawfully sold, assigned and/or transferred the ownership and security interest in a Promissory Note and mortgage related to the property and, thus, do not have lawful ownership or a security interest in plaintiff's home" (Opp. 2). More specifically, plaintiff alleges that: (1) MERS did not have the authority to assign the deed of trust to any third party because MERS is not a proper beneficiary of the loan; (2) the note and deed of trust were separated, making the deed of trust powerless; and (3) the note was improperly transferred from EverBank to WaMu.

*First*, plaintiff alleges that MERS, the original assigned beneficiary of the deed of trust, "did not have the legal right to assign the deed of trust to any party" because MERS is not a "proper beneficiary" of the deed of trust.  Because of the involvement of MERS, "no assignment of the deed of trust could ever occur" (Compl. ¶ 31–32).

Courts in this district have rejected the argument that MERS is not a proper beneficiary with the right to foreclose, and the ability to transfer said right, where the terms of the deeds of trust state otherwise.  For example, *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190 (N.D. Cal. 2009) (Judge James Ware), held that plaintiff's "argument that MERS cannot initiate foreclosure proceedings is meritless" since he "granted MERS the right to foreclose in his contract."  Under California law, a "trustee, mortgagee, or beneficiary or any of their authorized agents" may conduct the foreclosure process.  Cal. Civ. Code §§ 2924(a)(1), (b)(4).  Since MERS has the well-settled power to initiate foreclosure when assigned that right in the original deed of trust, it follows that MERS has the authority to transfer that power to initiate foreclosure to a third party.  *See Tall v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 6680183, at *2 (N.D. Cal. 2012).

So too here.  The deed of trust on plaintiff's property states, in relevant part, that "MERS is the beneficiary under this Security Instrument" and "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property" (RJN Exh. 2).  To the extent that

*United States District Court*
For the Northern District of California

United States District Court

For the Northern District of California

1    plaintiff's claim of wrongful foreclosure is based on the theory that MERS was unauthorized

2    to assign the deed of trust to a third party to initiate foreclosure, the claim is dismissed.

3         *Second*, plaintiff alleges that the deed of trust held by MERS became invalid when the

4    promissory note was securitized and sold to WaMu.  Once the promissory note and deed of trust

5    were separated, the beneficial interest in the deed of trust in the hands of MERS became "a

6    nullity" (Opp. 9).  According to plaintiff, WaMu, the holder of the note, is the only one who

7    can legally foreclose on the property.  As such, MERS no longer had any legal right to assign the

8    deed of trust to a third party (Compl. ¶ 69).

9         Our court of appeals spoke on this issue in *Cervantes v. Countrywide Home Loans, Inc.*,

10   656 F.3d 1034, 1043–44 (9th Cir. 2011).  In that decision, plaintiff stated the general claim that

11   "any foreclosure on a home loan tracked in the MERS system is 'wrongful' because . . . the

12   system splits the deed from the note, and, thus, no party is in a position to foreclose."  Our court

13   of appeals rejected the plaintiff's claim in *Cervantes* because "the notes and deeds [were] not

14   irreparably split: the split only renders the mortgage unenforceable if MERS or the trustee, as

15   nominal holders of the deeds, are not agents of the lenders."  *Ibid.*  In the present action, plaintiff

16   has failed to make clear if and how the note and deed of trust were irreparably split, or why

17   defendants were not acting as agents of the lender.

18        *Third*, plaintiff alleges that the transfer of the note from EverBank to WaMu was invalid.

19   This is allegedly because:  (1) the transfer violated the Pooling and Servicing Agreement of

20   WaMu; and (2) EverBank failed to physically deliver the promissory note to WaMu (Compl.

21   ¶¶ 42; 45–46; Opp. 4).

22        This claim must be dismissed because plaintiff fails to allege how she has standing to

23   challenge any violations to the Pooling and Servicing Agreement.  Courts in our district have

24   repeatedly held that when plaintiffs are not parties to a Pooling and Servicing Agreement, "they

25   lack standing to challenge the validity of the securitization process." *Almutarreb v. Bank of New*

26   *York Trust Co., N.A.*, 2012 WL 4371410, at *2 (N.D. Cal. 2012) (Judge Edward Chen).  Further,

27   no party needs to possess the original physical promissory note in order to foreclose.  In *Hafiz v.*

28   *Greenpoint Mortgage Funding, Inc.*, 652 F. Supp 2d 1039, 1043 (N.D. Cal 2009) (citation

4

omitted), the undersigned judge held that "California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust . . . [p]roduction of the original note is not required to proceed with non-judicial foreclosure." To the extent plaintiff's claim depends on these arguments, the claim is dismissed.

Plaintiff can state a claim for wrongful foreclosure if she alleges "a specific factual basis" that shows "that the foreclosure was not initiated by the correct party." *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1156 (Cal. Ct. App. 2011). Absent such allegations, a non-judicial foreclosure is presumed to have been conducted properly. *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 270 (Cal. Ct. App. 2011). In the present action, plaintiff has not alleged such specific facts. Plaintiff's allegations that the party foreclosing did not, at the time of foreclosure, have the proper authority to do so remain conclusory at this point. Few facts about the foreclosure process have been alleged at all, making this aspect of the complaint especially opaque. Accordingly, the plaintiff's claim for wrongful disclosure is **DISMISSED**.

### 2.    QUIET TITLE.

Plaintiff seeks to quiet title against all defendants on the basis that the "current deed of trust security instrument held against title is invalid in that it lists MERS as a beneficiary." Plaintiff claims that MERS is "not a proper beneficiary of the deed of trust in that MERS does not have a legal relationship to the note holder or owner" (Compl. ¶¶ 55–56). As discussed above, this theory has been rejected by California courts. *See, e.g.*, *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190 (N.D. Cal. 2009) (Judge James Ware); *Gomes*, 192 Cal. App. 4th at 1157. Moreover, plaintiff has not alleged that she can unconditionally tender the debt that she owes, which is required to state a claim for quiet title in California. *Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477–78 (Cal. Ct. App. 1974) ("the cloud upon [plaintiff's] title persists until the debt is paid."). Instead of alleging that she can tender her debt, plaintiff attempts to skirt the requirement by claiming that her debt has been paid off by the AIG insurance that WaMu retained on plaintiff's loan in the event of her default (Compl. ¶¶ 23–26). The bottom line is that plaintiff has conceded that she is in default on her loan. She must allege

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    that she can tender this debt, or plead facts beyond a conclusory statement that her debt has been

2    paid off by third-party insurance, in order to state a claim to quiet title.  Accordingly, plaintiff's

3    claim for quiet title is **DISMISSED**.

4          **3.    FRAUD.**

5          Under Rule 9(b), "in alleging fraud or mistake, a party must state with particularity the

6    circumstances constituting fraud or mistake."  "Averments of fraud must be accompanied by 'the

7    who, what, when, where and how' of the misconduct charged."  *Ness v. Ciba-Geigy Corp. USA*,

8    317 F.3d 1097, 1106 (9th Cir 2003) (citations omitted).  Allegations of fraud "must be specific

9    enough to give defendants notice of the particular misconduct which is alleged to constitute the

10   fraud charged . . . ."  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citations

11   omitted).

12         Plaintiff claims that JPMorgan, the servicer of the note, has collected payments related to

13   the deed of trust that it had no legal right to collect.  Plaintiff has failed to allege the "who, what,

14   when, where and how" as required by our court of appeals.  For example, plaintiff alleges that

15   defendants "were aware of the misrepresentations" made by JPMorgan to "induce" the plaintiff

16   to make fraudulent payments (Compl. ¶ 80).  Plaintiff, however, fails to include any further

17   specifics that "allege names of the persons who made the allegedly fraudulent representations,

18   their authority to speak, to whom they spoke, what they said, and when it was said."  *Tall*, 2012

19   WL 6680183, at *4.  Moreover, all defendants are named in the fraud claim, but there are no

20   specific allegations with respect to each defendant.  According to our court of appeals, to state

21   a claim for fraud, a plaintiff must plead the "time, place and specific content of the false

22   representations as well as the identities of the parties to the misrepresentations."  *Edwards v.*

23   *Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th. Cir. 2004) (citation omitted).  Plaintiff's claim of

24   fraud falls short of this standard and is therefore **DISMISSED**.

25         **4.    DECLARATORY RELIEF.**

26         Our court of appeals has stated that a district court should grant declaratory relief:

27   "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations

28   in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and

6

1    controversy giving rise to the proceeding." *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470

2    (9th Cir. 1984) (citations omitted).

3         Plaintiff argues that she is entitled to declaratory relief because an "actual controversy

4    has arisen and now exists between Plaintiff and Defendants concerning their respective rights

5    and duties regarding the Note and Trust Deed" (Compl. ¶ 59).  Plaintiff alleges this controversy

6    has arisen because:  (1) JPMorgan had no legal right to collect payments relating to the deed of

7    trust at issue; and (2) MERS cannot validly assign its interests in a deed of trust, rendering the

8    deed of trust void (Compl. ¶¶ 62–63).  Plaintiff therefore seeks a judicial determination that is

9    premised upon theories which this order finds to be deficient, as discussed above.  These claims

10   are therefore not presently "appropriate for judicial determination . . . admitting of immediate

11   and definitive" decision.  *Societe de Conditionnment v. Hunger Eng. Co., Inc.*, 655 F.2d 938, 943

12   (9th Cir. 1981).  Plaintiff's claim for declaratory relief is therefore **DISMISSED.**

### CONCLUSION

14        For the reasons stated above, defendants' motion to dismiss is **GRANTED**.  Plaintiff may

15   seek leave to amend and will have until **AUGUST 15, 2013**, to file a motion.  A proposed

16   amended complaint must be appended to the motion.  Plaintiff should plead her best case.

17   The motion should clearly explain how the amendments to the complaint cure the deficiencies

18   identified herein and should include as an exhibit a redline or highlighted version identifying all

19   changes.  If such motion is not filed by the deadline, this case will be closed and judgment

20   entered.

21

22        **IT IS SO ORDERED.**

23

24   Dated:   July 25, 2013.

         WILLIAM ALSUP
25       UNITED STATES DISTRICT JUDGE

26

27

28

*United States District Court*
For the Northern District of California

7